IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILE NO: __:___ CV _____

| | |
|---|---|
| VISCOSOFT, INC., <br>    Plaintiff, <br><br> v. <br><br> LISHUI XINGQUAN TONGRUI TRADING CO., LTD <br><br>    Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT** <br> **(JURY TRIAL DEMANDED)** |

Plaintiff Viscosoft, Inc, by and through the undersigned counsel and pursuant to Rule 3 of the Federal Rules of Civil Procedure, hereby complains of the Defendant named above by making the allegations contained herein.

## NATURE OF THE ACTION

1. This is an action for infringement of United States Design Patent No. D969522S1 ("the Patent-in-Suit") arising under the patent laws of the United States, Title 35, United States Code, §§ 100 et seq. This action relates to the design patent of mattress toppers owned by Viscosoft and its infringement by the Defendant.

## PARTIES

2. Plaintiff Viscosoft, Inc. ("Plaintiff") whose former corporate name was Skytex, Inc., is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business in Charlotte, North Carolina.

Plaintiff is a sleep company founded in 2010 engaged in the development, manufacturing, and distribution of bedding products principally mattress toppers, mattresses, and other accessories. Viscosoft commercializes its products through both online and brick and mortar retail channels under various brand names such as Viscosoft, Muse Sleep, and other sub-brands.

**Defendant Joyride Sleep**

3. Defendant LI SHUI XINGQUAN TONGRUI TRADING CO., LTD., doing business in the United States via the internet as Joyride Sleep, (hereinafter "Defendant Joyride Sleep") is a Chinese company organized and existing under the laws of the People's Republic of China, having a principal place of business in Lishui City, Zhejiang Province, China. Defendant Joyride Sleep is a foreign entity that has no address, physical presence, or subsidiary entity in the United States of America.

4. Defendant Joyride Sleep is engaged in business in the United States through the Amazon.com website platform and by which the Defendant Joyride Sleep sells and markets mattress toppers. The Amazon.com seller's address for Defendant Joyride Sleep shows only an address written in Chinese Hanzi. Attached and incorporated herein as **Exhibit 1** is a copy of the seller information page of Defendant Joyride Sleep from the Amazon.com website.

5. Upon information and belief, Defendant Joyride Sleep engages in the marketing and selling of mattress toppers solely through e-commerce on Amazon.com or on other websites. After its mattress toppers clear customs in the

United States, Defendant Joyride Sleep's mattress toppers go to an Amazon Warehouse for sale and distribution throughout the United States.

6. Customer payments for mattress toppers are collected through Amazon as part of its Fulfillment by Amazon program ("FBA"). After Amazon deducts its fees for services, all funds collected for sales of mattress toppers are electronically transferred back to Defendant Joyride Sleep's financial/bank accounts located in China without Defendant Joyride Sleep earning any taxable income in the United States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent infringement) and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. This Court has personal jurisdiction over Defendant Joyride Sleep because, among other things, Defendant Joyride Sleep has purposely availed itself of the rights and benefits of the laws of the United States of America and of the State of North Carolina by engaging in systematic and continuous contacts including but not limited to marketing and selling and contracting for delivery of mattress toppers in North Carolina and throughout the United States such that they should reasonably anticipate being haled into court here.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(c)(3) because Defendant Joyride Sleep is a foreign company, and does not have a place of business in the United States. (*See,* In re HTC Corp., 889 F.3d 1349 (Fed. Cir.

2018)). Defendant Joyride Sleep has committed acts of infringement of the Patent-in-Suit in this district by marketing and selling mattress toppers both in North Carolina and throughout the United States.

**FIRST CAUSE OF ACTION**
**(Patent Infringement)**

10. Plaintiff re-alleges and incorporates by reference all allegations previously set out herein.

11. On November 15, 2022, the U.S. Patent and Trademark Office duly and legally issued the Patent-in-Suit entitled Design Patent for Mattress Topper. A true and correct copy of the Patent-in-Suit is attached as **Exhibit 2**. The Patent-in-Suit claims a design of a mattress topper with various distinct design characteristics, including an anti-slip design on the bottom of the mattress topper cover which includes adjustable straps to secure the mattress topper to the mattress and prevent the product from slipping when the consumer moves on the bed. The design is depicted in the Patent-in-Suit as follows:





12. The Patent-in-Suit carries a presumption of validity under 35 U.S.C. § 282(a) and is enforceable.

13. Plaintiff is the owner of the entire right, title, and interest in the Patent-in-Suit by Assignment filed on and a true and correct copy of which is attached as **Exhibit 3** and possesses the right to sue for and obtain equitable relief and damages for infringement of the Patent-in-Suit.

**Accused Products of Defendant Joyride Sleep**

14. Defendant Joyride Sleep has willfully infringed and continues to infringe the Patent-in-Suit by selling and offering for sale in the United States, and/or importing into the United States Joyride Sleep's mattress toppers for different bed sizes and of differing thicknesses which mattress toppers are identified by product description, ASIN, URL, and retail price in **Exhibit 4** attached hereto and incorporated herein ("Joyride Sleep Accused Products"), embodying the design of the Patent-in-Suit, without authority or license from Plaintiff.

15. Additionally, Defendant Joyride Sleep has willfully and knowingly infringed and continues to infringe the Patent-in-Suit by applying the patented design, or a colorable imitation thereof, to an article of manufacture, such as the Joyride Sleep Accused Products, for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, such as the Joyride Sleep Accused Products, to which the design of the Patent-in-Suit or a colorable imitation thereof has been applied. Defendant Joyride Sleep's actions violate 35 U.S.C. §§ 271(a) and 289.

16. Joyride Sleep Accused Products comprise the following design as shown in photos below:




17. As illustrated below, in the eye of the ordinary observer, familiar with the prior art, giving such attention as a purchaser of the Joyride Sleep Accused Products would usually give, the design of the Patent-in-Suit and the design of the Joyride Sleep Accused Products are substantially the same, such that the ordinary observer would be deceived into believing that the design of the Joyride Sleep Accused Products is the same as the design of the Patent-in-Suit.

**The Design of the Patent-in-Suit:**



**The Design of Joyride Sleep Accused Products:**




18. Plaintiff has complied with the marking and notice requirements of 35 U.S.C. § 287.

19. Upon information and belief, Defendant Joyride Sleep has gained profits by virtue of their infringement of the Patent-in-Suit.

20. Plaintiff has suffered and is continuing to suffer damages as a direct and proximate result of Defendant Joyride Sleep's infringement of the Patent-in-Suit, and Plaintiff is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

21. Plaintiff has suffered injury, including irreparable injury, as a result of Defendant Joyride Sleep's infringement of the Patent-in-Suit. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant Joyride Sleep from infringing the Patent-in-Suit.

## SECOND CAUSE OF ACTION

**(Unfair and Deceptive Trade Practices)**

22. Plaintiff re-alleges and incorporates by reference all allegations previously set out herein.

23. This Court has supplemental jurisdiction over pendent state claims in accordance with 28 U.S.C. § 1367. Plaintiff's claims for violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") arise from a common nucleus of operative facts with the infringement of the Patent-in-Suit.

24. The wrongful and willful infringement of the Patent-in-Suit by Defendant Joyride Sleep is an unfair and deceptive trade practice in violation of the North Carolina UDTPA, N.C.G.S. § 75-1.1 *et seq*.

25. The marketing and selling of all Joyride Sleep Accused Products by Defendant Joyride Sleep are in commerce.

26. The unfair and deceptive trade practices of Defendant Joyride Sleep have proximately caused actual damages to the Plaintiff in an amount to be determined at trial in accordance with law.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. A judgment that Defendant Joyride Sleep has infringed the claimed design of the Patent-in-Suit;

2. An order preliminarily and permanently restraining and enjoining Defendant Joyride Sleep, their officers, agents, attorneys and employees, and those acting in privity or concert with Defendant Joyride Sleep, from further acts of infringing the Patent-in-Suit including, but not limited to, making, importing, promoting, offering, or exposing for sale, or selling the products with designs confusingly similar to the claimed design of the Patent-in-Suit, as explained above, until after the expiration date of the Patent-in-Suit;

3. A judgment against Defendant Joyride Sleep for Defendant Joyride Sleep's total profits for any article of manufacture to which the design of the Patent-in-Suit has been applied as a result of Defendant Joyride Sleep's infringement of the Patent-in-Suit in an amount to be determined at trial as provided under 35 U.S.C § 289 and for money damages sustained as a result of Defendant Joyride Sleep's infringement of the Patent-in-Suit in an amount to be determined at trial as provided under 35 U.S.C. § 284, whichever is greater;

4. An accounting of Defendant Joyride Sleep's profits pursuant to 35 U.S.C. § 289;

5. A judgment against Defendant Joyride Sleep for unfair and deceptive trade practices under North Carolina law and that all money damages be trebled in accordance with N.C.G.S. § 75-16;

6. Costs and reasonable attorneys' fees relating to this action pursuant to 35 U.S.C. § 285 and N.C.G.S § 75-16.1; and

7. Such other and further relief as the Court may deem just and proper.

This the 17th day of October, 2025.

                                          **ALLEN STAHL & KILBOURNE, PLLC**

                                          */s/Robert C. Carpenter*
                                          Robert C. Carpenter
                                          N.C. State Bar No. 36672
                                          Robert E. Dungan
                                          N.C. State Bar No. 12743
                                          20 Town Mountain Road, Suite 100
                                          Asheville, NC 28801
                                          828-254-4778 phone
                                          828-254-6646 fax
                                          bcarpenter@asklawnc.com
                                          robertdungan@asklawnc.com
                                          *Attorneys for Plaintiffs*